James J. COYNE, Plaintiff–Appellant,

v.

UNITED STATES OF AMERICA, Defendant–Appellee.

No. 05–0477CV.

United States Court of Appeals, Second Circuit.

Jan. 27, 2006.

Michael J. Coyle, The Law Offices of Michael J. Coyle, New York, NY, for Plaintiff–Appellant.

Robert P. Storch, U.S. Attorneys Office, Northern District, Albany, NY, for Defendant–Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. DENNIS JACOBS, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the district court's judgment is **AFFIRMED.**

Plaintiff-appellant James J. Coyne, Jr. appeals from the December 14, 2004 judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*) granting defendant-appellee United States of America's[1] motion for summary judgment on Coyne's claim for injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The district court had jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We assume familiarity with the facts and procedural history.

We review a district court's grant of summary judgment de novo. *Halpern v. FBI*, 181 F.3d 279, 287–88 (2d Cir.1999). At issue is the adequacy of a search by the Department of Justice ("DOJ") in response to Coyne's request for disclosure of watermark-test results on specific letters related to his federal bribery trials. The DOJ reported to Coyne that their search for the records was fruitless. Although the FOIA does not require an agency to produce documents not in its possession, it does confer a right to an adequate search. The declaration by Ms. Uitti, who supervised the DOJ's response to the FOIA request, establishes two things: (1) Assistant U.S. Attorney Yanthis, a government lawyer familiar with both Coyne's criminal trials

and the document request, searched for these records in the files of the U.S. Attorney's Office for the Northern District of New York, and (2) the Northern District office was the only location where the requested documents would be located. The affidavit is entitled to a presumption of good faith, and Coyne has not rebutted this presumption. *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999). The district court was properly satisfied from this declaration that the appropriate files were searched and did not err in entering summary judgment for the United States.

The district court's judgment is therefore **AFFIRMED.**

---

1. The proper party for this case is the United States Department of Justice, the federal agency from which Coyne seeks injunctive relief. 5 U.S.C. §§ 551(1), 552(a)(4)(B). The United States has not argued that this error warrants dismissal and has treated this case as one against the Department of Justice.